IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WESCO DISTRIBUTION, INC. and WESCO
INTERNATIONAL, INC.,

    Movants,

In re:

UNITED STATES OF AMERICA

    Plaintiff

        v.

RES HOLDINGS CORP.,

    Defendant,

2:13-mc-37

**ELECTRONICALLY FILED**

**RELATED TO**
2:11-cv-739 (E.D. La.)

### Memorandum Order re: Motion to Quash (DOC. NO. 1)

**I. Introduction**

Currently before the Court is Wesco Distribution Inc. and Wesco International Inc.'s (collectively "Wesco's") Motion to Quash Plaintiff United States of America's ("the Government's") subpoena. Doc. No. 1. On January 8, 2013, the Government issued a subpoena to non-party Wesco seeking post-judgment discovery including production of various documents and a deposition pursuant to Fed.R.Civ.P. 30(b)(6). Doc. No. 1-1. The subpoena issued by the Government relates to post-judgment proceedings in a case in the Eastern District of Louisiana, to which Wesco is not a party.[1] After careful consideration of the Motion to Quash and brief in support thereof (doc. nos. 1 & 2), the Government's response in opposition (doc. no. 3), Wesco's

---

[1] On June 9, 2011, a default judgment was entered in the Government's favor, and upon default judgment, the Government began to seek post-judgment discovery under Fed.R.Civ.P. 69.

reply brief (doc. no. 6), the Government's sur-reply brief (doc. no. 9) and all of the relevant documents in the underlying case, Wesco's Motion to Quash (doc. no. 1) will be DENIED.

## II. Standard of Review

Federal Rule of Civil Procedure 69 provides that "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located."

Rule 45 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." Fed.R.Civ.P. 45(c)(1). Rule 45 also provides that the Court "shall quash or modify the subpoena if it . . . subjects a person to undue burden." Fed.R.Civ.P. 45(c)(3)(A)(iv).

## III. Discussion

### A. The Law of the Case Doctrine Does Not Apply

Preliminarily, the Court notes that the Government makes a quasi-"law of the case" argument in defending the subpoena. In particular, the Government argues that United States District Judge Fallon, who is presiding over the underlying dispute in the Eastern District of Louisiana, was aware that the United States intended to take Wesco's deposition pursuant to Fed.R.Civ.P. 30(b)(6). *See United States v. RES Holdings Corp*., 2012 WL 4369658 (E.D. La. Sept. 24, 2012) (granting the Government's motion to take more than ten post-judgment depositions). However, the Government did not make Judge Fallon aware of the scope of the subpoena that it would issue to Wesco. Doc. No. 3-2. Thus, there is no "law of the case" that binds this Court.

**B. The Subpoena is Not Redundant**

Wesco first argues that the subpoena is redundant to the Government's previous efforts to gather information from Wesco. However, the subpoena specifically states that "[t]he United States does not seek documents which have already been produced to the [IRS] pursuant to prior document requests," and "[t]he United States does not seek documents generated prior to January 1, 1990." Doc. No. 1-1, 30. Thus, the Government's request for the production of documents is not redundant. Instead, the subpoena only seeks information which Wesco has not produced in response to prior document requests. If, as Wesco suggests, "the 2003 IDR and 2009 Summonses were broad enough to encompass every non-privileged[, responsive] document in the possession of WESCO," then Wesco should respond with a privilege log (if one has not previously been produced) and a certification as such. Wesco is not required to reproduce documents that is has already turned over to the Government. Therefore, the Court finds the subpoena is not redundant.

**C. The Government Has a Legitimate Purpose for Its Investigation**

Wesco next argues that the Government does not have a legitimate purpose for its investigation. In particular, Wesco objects to discovery relating to transactions involving Wesco but not RES. Wesco relies upon *Caisson Corp. v. Cnty. W. Bldg. Corp.*, 62 F.R.D. 331, 334 (E.D. Pa. 1974) in support of its argument that discovery related to assets of third parties. However, in *Strick Corp. v. Thai Teak Prods. Co., Ltd*., 493 F.Supp. 1210 (E.D. Pa. 1980), a later case from the United States District Court for the Eastern District of Pennsylvania, the Court clarified *Caisson's* citation to *Burak v. Scott,* 29 F.Supp. 775 (D.D.C. 1939). In *Strick,* the Court held that "discovery would be permitted where the relationship between the judgment

debtor and the nonparty is sufficient to raise a reasonable doubt about the bona fides of the transfer of assets." *Id*. at 1218. The Government has produced enough evidence in the underlying action to warrant discovery of any transaction that might relate to Wesco's other dealings that might have had an impact on RES's disposition of assets without the ability to pay a $24.7 million federal tax obligation. The Court finds that the discovery is not meant to harass Wesco, but rather is narrowly tailored in order to find assets that can satisfy the debt under applicable law.

### D. The Subpoena is Not an Undue Burden

Wesco's final argument is that, as a third party, compliance with the subpoena creates an undue burden. The United States Court of Appeals for the Third Circuit has held that:

> Fed.R.Civ.P. 45(c)(2)(B) imposes mandatory fee shifting and directs the court to "protect" a nonparty from "significant expense resulting from inspection and copying commanded." Thus, district courts must determine whether the subpoena imposes expenses on a non-party and whether those expenses are significant. James Wm. Moore, 9 Moore's Federal Practice § 45.04[2] (3d ed. 2001). Significant expenses must be borne by the party seeking discovery. Id.

*R.J. Reynolds Tobacco v. Philip Morris, Inc.*, 29 F. App'x 880, 882-83 (3d Cir. 2002). The three factors to be considered in deciding if the expenses on a non-party are significant are "whether the nonparty actually has an interest in the outcome of the case, whether the nonparty can more readily bear the costs than the requesting party and whether the litigation is of public importance." *In Re Law Firms of McCourts and McGrigor Donald*, 2001 WL 345233, at *7 (S.D.N.Y. Apr. 9, 2001) (quoting *Linder v. Calero–Portocarrero*, 180 F.R.D. 168, 177 (D.D.C. 1998)). However, in order to show that a request is an undue burden, Wesco may not rely upon averments of counsel alone. Instead, it is required to show how the subpoena is burdensome. *See Redland Soccer Club, Inc. v. Dep't of Army,* 55 F.3d 827, 856 (3d Cir. 1995).

In *Magna Mirrors of Am. Inc v. Pittsburgh Glass Works, LLC*, this Court recently considered the burden placed on a third-party by a subpoena and found that the subpoena at issue was an undue burden. 2012 WL 4904515 (W.D. Pa. Oct. 15, 2012) (Schwab, J.). In that case, unlike in the present, Pittsburgh Glass Works produced an affidavit that detailed why the costs of complying with the subpoena would be significant. *Id*. at *2. However, after several rounds of briefing, Wesco has produced no such evidence of an undue burden in the case at bar. In fact, Wesco avers that it has already produced all responsive documents to the subpoena. Thus, it would appear that the only expense left for Wesco to bear is the cost of preparing their Rule 30(b)(6) designee for deposition and the deposition itself.

Two of the three factors outlined in *Law Firms of McCourts*, weigh in favor of Wesco bearing the burden of complying with the subpoena. As to the first factor, as Wesco admits, it has an interest in the outcome of the case as it acquired the assets of RES. As to the second factor, the litigation is of public importance because it deals with the collection of taxes. *See United States v. Mercantile Trust Co. of Balt.*, 62 F.Supp. 837, 841 (D. Md. 1945). However, as to the third factor, the Government can more readily bear the burden of the costs associated with complying with the subpoena. When the Court weighs all of these factors, in addition to the low cost of complying with the subpoena,[2] the Court declines to Order the Government to pay the costs of complying with the subpoena.

---

[2] As rehearsed, Wesco produced no documentation or affidavits evidencing the high cost of compliance. However, given the fact that what appears to remain is a Rule 30(b)(6) deposition and preparation thereof, the Court surmises that cost of compliance to be relatively minimal.

**IV. Order**

AND NOW, this 4th day of February, 2013, **IT IS HEREBY ORDERED** that Wesco's Motion to Quash (doc. no. 1) is **DENIED.**

                                                        s/ Arthur J. Schwab
                                                        Arthur J. Schwab
                                                        United States District Judge

cc: All ECF Counsel of Record
    Hon. Eldon E. Fallon

    Res Holdings Corp.
    c/o Amy Daniel, National Registered Agents
    1011 N. Causeway Blvd., Suite 3
    Mandeville, LA 70471
    Pro Se Defendant